### S02Y1583. IN THE MATTER OF KEITH H. SALMON.
(570 SE2d 335)

PER CURIAM.

This matter is before the Court pursuant to the Notice of Discipline filed by the State Bar alleging that Respondent Keith H. Salmon violated Standards 22 (lawyer shall not withdraw from employment without permission or until taking reasonable steps to avoid foreseeable prejudice to the rights of his client); 44 (lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or disregard a legal matter entrusted to him); and 68 (failure to respond to disciplinary authorities) (Bar Rules 1.3, 1.4, 1.16 and 9.3) of Bar Rule 4-102, and seeking an indefinite suspension with reinstatement upon the conditions that Salmon file an adequate response to the Notice of Investigation, refund the $300 fee paid by the client, and return the client's file. Salmon signed an Acknowledgment of Service, but failed to respond to the Notice of Investigation, and he was placed under interim suspension by order dated February 12, 2002. Salmon also did not file a response to the Notice of Discipline, which was served on him by publication pursuant to Bar Rule 4-203.1 (b) (3) on July 26, 2002 and August 1, 2002, with a copy

mailed to his address as shown on the State Bar's membership records. As a result of his failure to respond as required under Bar Rule 4-208.3, Salmon is in default, has no right to an evidentiary hearing, and is subject to the discipline and further proceedings as may be determined by this Court. Bar Rule 4-208.1 (b).

As deemed admitted by Salmon's default, in July 1999 he agreed to represent a client in a divorce case and received a $100 fee. Salmon did not contact the client, however, nor tell her he had moved his office. When she located him at his home phone number a few months later, he assured his client that he was working on her case. The client was seldom able to reach Salmon thereafter but, after her June 19, 2000 letter demanding he proceed with her case, Salmon finally filed her divorce on July 11, 2000. The parties entered into a settlement agreement and before January 2001, the client paid Salmon an additional $200. Salmon closed his office in January 2001, however, and again failed to notify his client, nor did he return her calls. In March 2001, the court notified the client that her case had been dismissed for want of prosecution. Salmon returned his client's call with respect to the dismissal and, despite telling her he would file the agreement and revive the case, took no further action on her behalf.

Based on our review of the record, we agree with the State Bar that an indefinite suspension is the appropriate sanction in this matter. In aggravation of discipline, we note that Salmon did not refund any part of the fee paid, and did not attempt to reopen his client's case as promised. Accordingly, Salmon hereby is suspended indefinitely from the practice of law in the State of Georgia, with reinstatement only upon the conditions set forth above. He is reminded of his duties under Bar Rule 4-219 (c).

*Indefinite suspension with reinstatement upon conditions. All the Justices concur.*

DECIDED SEPTEMBER 30, 2002.

*William P. Smith III, General Counsel State Bar, Paula J. Fredrick, Assistant General Counsel State Bar,* for State Bar of Georgia.